UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14028-CR-Moore

UNITED STATES OF AMERICA,

v.

RANDALL WAYNE MILNER,

    Defendant.
_____/

FILED by ___ D.C.

MAR 0 2 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

### I. Background

The Defendant, RANDALL WAYNE MILNER, appeared before the Court on March 1, 2016, for an initial appearance on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 77]. Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* DE 56. On September 4, 2007, Chief United States District Judge K. Michael Moore sentenced Defendant to ninety-two (92) months imprisonment, five (5) years of supervised release, and a $200.00 special assessment. Defendant's term of supervised release commenced on December 14, 2012.

Defendant was initially charged by Petition [DE 77] with the following violations of his supervised release:

    1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida,

1

Defendant was arrested by the Palm Springs Police Department and charged with domestic battery by strangulation, in violation of Florida Statute § 784.041(2A).

2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with child abuse without great bodily harm, in violation of Florida Statute § 827.03(2C).

3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with domestic battery, in violation of Florida Statute § 784.03(1).

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with domestic battery, in violation of Florida Statute § 784.03(1).

5. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with domestic battery, in violation of Florida Statute § 784.03(1).

6. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with domestic battery, in violation of Florida Statute § 784.03(1).

7. **Violation of Mandatory Condition**, by failing to refrain from violation of the law.

According to the Petition, on or about May 1, 2015, in Palm Beach County, Florida, Defendant was arrested by the Palm Springs Police Department and charged with tampering with a witness, victim, or informant, in violation of Florida Statute § 914.22(1)(2C).

## II. **Summary of Hearing**

At the March 1, 2016 hearing, the parties advised the Court that they were requesting to amend the Petition orally and by interlineation and that Defendant desired to admit amended allegations #1, 2, 4, and 7 of the Amended Petition [DE 81]. The Court permitted that amendment and the Amended Petition is found at DE 81. In effect, the Amended Petition [DE 81] modified the Petition to delete any reference to Defendant being charged with any state court felony offenses and noted that Defendant had committed certain misdemeanor offenses as specified in amended allegations #1, 2, 4, and 7. [DE 81].

Also at the hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a preliminary hearing to determine probable cause.

With regard to allegation #1, the parties explained that Defendant had pled guilty in state court to the reduced charge of misdemeanor domestic battery. Therefore, the parties stipulated that allegation #1 should be amended in the Petition to state the following: "1. **Violation of a Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 1, 2015, the defendant committed the offense of misdemeanor domestic battery, in violation of

Florida Statute 784.03(1)."  Defendant then admitted to allegation #1 as amended.  [DE 81].

With regard to allegation #2, the parties explained that Defendant had pled guilty in state court to the reduced charge of misdemeanor battery.  Therefore, the parties stipulated that allegation #2 should be amended in the Petition to state the following: "1. **Violation of a Mandatory Condition**, by failing to refrain from a violation of the law.  On or about May 1, 2015, the defendant committed the offense of misdemeanor battery, in violation of Florida Statute 784.03(1)."  Defendant then admitted to allegation #2 as amended.  [DE 81].

With regard to allegation #4, the parties explained that Defendant had pled guilty in state court to the reduced charge of misdemeanor battery.  Therefore, the parties stipulated that allegation #4 should be amended in the Petition to state the following: "1. **Violation of a Mandatory Condition**, by failing to refrain from a violation of the law.  On or about May 1, 2015, the defendant committed the offense of misdemeanor battery, in violation of Florida Statute 784.03(1)."  Defendant then admitted to allegation #4 as amended.  [DE 81].

With regard to allegation #7, the parties explained that Defendant had pled guilty in state court to the reduced charge of misdemeanor battery.  Therefore, the parties stipulated that allegation #7 should be amended in the Petition to state the following: "1. **Violation of a Mandatory Condition**, by failing to refrain from a violation of the law.  On or about May 1, 2015, the defendant committed the offense of resisting arrest without violence, in violation of Florida Statute 843.02."  Defendant then admitted to allegation #7 as amended.  [DE 81].

In sum, Defendant admitted to allegations #1, 2, 4, and 7 as amended.  He also waived his right to a probable cause hearing.  The Court finds that Defendant made these waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel.  Based on Defendant's admissions to the allegations, the Court finds by a

preponderance of the evidence that Defendant committed allegations #1, 2, 4, and 7 as specified in the Amended Petition [DE 81].

Further, the Government explained that there was insufficient evidence to proceed on allegations #3, 5, and 6. The Government presented no evidence to support allegations #3, 5, or 6. The Government, therefore, requested that allegations #3, 5, and 6 be dismissed.

### III.  Recommendation

For the foregoing reasons, it is respectfully recommended that Chief United States District Judge K. Michael Moore find that Defendant has violated the terms and conditions of supervised release as alleged in allegations #1, 2, 4, and 7 in the Amended Petition [DE 81]. It is further recommended that the matter be set down for sentencing on amended allegations #1, 2, 4, and 7 before the Honorable Chief United States District Judge K. Michael Moore. Finally, it is recommended that the violations alleged in allegations #3, 5, and 6 of the Petition be dismissed.

A party shall serve and file written objections, if any, to this Report and Recommendation with Chief United States District Judge K. Michael Moore, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C).

**RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of March, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE