UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14028-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RANDALL WAYNE MILNER,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON THE
### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**THIS CAUSE** came before me for an evidentiary hearing on the Superseding Petition for Offender under Supervision (the "Superseding Petition") (DE 135). Having considered the evidence, I recommend that Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 4 of the Superseding Petition.

1. Defendant appeared for an evidentiary hearing on the Petition on February 16, 2022.

2. The Petition alleges the following violations of supervised release:

**Violation Number 1**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 17, 2021, in Okeechobee, Florida, the defendant committed the offense of Possession of a Controlled Substance without a Prescription, contrary to Florida Statute 893.13(6)(a).

**Violation Number 2**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On November 15, 2021, the defendant submitted a urine specimen which tested positive for the presence of amphetamine in Probation's local laboratory; and subsequently was

| | |
|---|---|
| | confirmed positive for methamphetamine by Alere Toxicology Services, Incorporated. |
| **Violation Number 3** | **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On February 9, 2022, the defendant had an approved schedule to return to his residence at 7:30 p.m. but did not return to his residence until approximately 7:48 p.m., on February 9, 2022. |
| **Violation Number 4** | **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On February 9, 2022, the defendant had an approved schedule to attend substance abuse treatment group at ADAP between the hours of 5:00 p.m. and 7:30 p.m. and he used the approved time out for unauthorized activity. |

3. The Government called Detective Ramon Liberato from the Okeechobee County Sheriff's Office to testify regarding Violation Number 1. Detective Liberato testified that on November 17, 2021, he and another officer were patrolling an area near US 441 in Okeechobee, Florida. He observed a white Ford pickup truck fail to use a turn signal before turning, and the driver was not wearing a seat belt. A traffic stop was conducted and the driver was identified as the Defendant. Defendant agreed to a search of the vehicle. As Defendant stepped out of the vehicle, Det. Liberato observed a small clear baggie containing three and a half white pills laying on the driver's side door kick plate. The pills were identified as Dilaudid (hydromorphone) for which Defendant denied having a prescription. Defendant said he gave a female a ride home and she must have dropped them when she exited the vehicle. Defendant was the sole occupant of the vehicle at the time of the traffic stop. Det. Liberato testified that Defendant was arrested by the Okeechobee County Sheriff's Office and charged with possession of a controlled substance without a valid prescription contrary to Florida Statute 893.13(6)(a).

4. The Government introduced photographs showing where the clear baggie containing three pills was located. *See* Government Exhibits 1-6. The location of the pills suggest

Defendant's statement to law enforcement about a passenger dropping the pills in the car is not credible. The photographs show the pills were found on the driver side of the vehicle directly next to the driver's seat and seatbelt on the floorboard. It is highly unlikely that an item dropped by a passenger would happen to land on the floorboard at the driver's left side.

5. The Government called United States Probation Officer Amanda Maghan to testify regarding Violation Numbers 2, 3, and 4. Regarding Violation Number 2, Officer Maghan testified that Defendant submitted a urine specimen on November 15, 2021 that tested positive for the presence of amphetamine in Probation's local laboratory. The specimen was confirmed positive for methamphetamine by Alere Toxicology Services. The lab reports were admitted into evidence as Government Exhibit 11. Regarding Violation Numbers 3 and 4, Officer Maghan testified that on February 9, 2022, Defendant had an approved schedule to be away from his residence during the hours of 5:00 p.m. and 7:30 p.m. to attend substance abuse group treatment at ADAP located in Okeechobee, Florida. Defendant was supposed to return to his residence by 7:30 p.m. and he did not have permission to make any other stops. The location monitoring equipment showed that Defendant did not return to the residence until approximately 7:48 pm. The equipment showed that Defendant went to ADAP for treatment, but instead of returning home by 7:30, made an unapproved stop at a residence in Okeechobee Florida between 7:12 p.m. and 7:29 p.m., and then made unapproved stops at a Shell Gas Station between 7:36 p.m. and 7:39 p.m. and an A&J Discount Food Mart between 7:43 p.m. and 7:45 p.m. When initially confronted by the Probation Officer, Defendant said he stopped at two stores to purchase dish soap. When the officer questioned him again in light of the electronic monitoring records, Defendant acknowledged that he stopped at a friend's house after treatment, then went to two stores to buy dish soap.

6. Defendant offered no witnesses or evidence.

7. I have considered the evidence and find that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1 through 4. With respect to Violation Number 4, I note that although Defendant did attend substance abuse treatment, he used *some* of the approved time period for unauthorized activity.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 4. I further recommend that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 23rd day of March, 2022.

*(signature)*
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE