UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14028-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

v.

RANDALL WAYNE MILNER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE SECOND SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION [DE 144]

**THIS CAUSE** is before me for consideration of the Second Superseding Petition for Offender under Supervision ("Second Superseding Petition"). DE 144. Having convened a hearing on June 27, 2022, I respectfully recommend to the District Judge as follows:

    1.    On December 6, 2021, the United States Probation Office ("Probation Office") filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition") for Defendant, RANDALL WAYNE MILNER. DE 122. On February 15, 2022, the Probation Office filed a Superseding Petition for Offender Under Supervision ("Superseding Petition"). DE 135. On March 24, 2022, I issued a Report and Recommendation ("R&R") recommending that Defendant be found to have violated his supervised release as alleged in Violation Numbers 1 through 4 of the Superseding Petition. DE 142. On April 12, 2022, United States District Judge K. Michael Moore adopted my R&R and found Defendant to have violated the terms and conditions of his supervised release with respect to Violation Nos. 1, 2, 3, and 4 as set forth in the Superseding Petition. DE 143.

2. On April 22, 2022, the Probation Office filed a Second Superseding Petition for Offender Under Supervision ("Second Superseding Petition"). DE 144. The Second Superseding Petition alleges that Defendant committed nine additional violations of supervised release after being found guilty of Violation Nos. 1, 2, 3, and 4.

3. On June 27, 2022, I conducted a hearing on the nine new violations alleged in the Second Superseding Petition (Violation Nos. 5 through 13). The Second Superseding Petition alleges the following new violations of supervised release:

**Violation Number 5** — **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the months of February and March 2022.

**Violation Number 6** — **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On April 13, 2022, the defendant failed to report to the U.S. Probation Office and submit a urine specimen for drug testing as directed.

**Violation Number 7** — **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On April 13, 2022, at approximately 1:51 p.m., the defendant left his approved residence without approval from [the Probation] officer.

**Violation Number 8** — **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On April 13, 2022, at approximately 1:51 p.m., the defendant removed the Location Monitoring device form his leg and left his approved residence, without approval from [the Probation] officer.

**Violation Number 9** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 14, 2022, in Okeechobee County, Florida, the defendant committed the offense of Fleeing and Eluding Law Enforcement Officer, contrary to Florida Statute 316.1935(2).

| | |
|---|---|
| **Violation Number 10** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 14, 2022, in Okeechobee County, Florida, the defendant committed the offense of Willful and Wanton Reckless Driving, contrary to Florida Statute 316.192(1)(A). |
| **Violation Number 11** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 14, 2022, in Okeechobee County, Florida, the defendant committed the offense of Possession of Methamphetamine, contrary to Florida Statute 893.13(6)(A). |
| **Violation Number 12** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 14, 2022, in Okeechobee County, Florida, the defendant committed the offense of Possession of a Controlled Substance without Prescription (Fentanyl), contrary to Florida Statute 893.13(6)(A). |
| **Violation Number 13** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 14, 2022, in Okeechobee County, Florida, the defendant committed the offense of Use or Possession of Drug Paraphernalia, contrary to Florida Statute 893.147(1). |

4. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

5. After consultation with his attorney, Defendant announced that he wished to admit Violation Numbers 5, 6, 7, and 8. I questioned Defendant on the record and made certain that he understood his right to an evidentiary hearing on the violations. Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 5, 6, 7, and 8 are accepted, all that will remain regarding these violations will be for the District Court to conduct a sentencing hearing for final disposition.

6. The Government proffered a factual basis for Violation Numbers 5, 6, 7, and 8. Defendant agreed that the Government's allegations regarding Violation Numbers 5, 6, 7, and

8 were true and correct. Having heard the factual proffer and Defendant's agreement to it, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 5, 6, 7, and 8. Based on his admissions, I recommend that Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 5, 6, 7, and 8.

7. Defendant—through his attorney—announced that he wished to stand mute to Violation Numbers 9 and 10 and he had no objection to the Government's evidence of these violations. The Government proffered facts supporting Violation Numbers 9 and 10. Defendant did not seek to cross-examine any witnesses. Defendant also did not present any witnesses or evidence. I advised Defendant of his right to do so, and Defendant agreed that he did not wish to cross-examine witnesses or present witnesses or evidence. I have considered the Government's proffer, which was admitted without objection or cross-examination, and find it establishes by a preponderance of the evidence that Defendant committed Violation Numbers 9 and 10.

**ACCORDINGLY**, I recommend that Defendant be found to have violated his supervised release with respect to Violation Numbers 5, 6, 7, 8, 9, and 10, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The Government agreed to dismiss Violation Numbers 11, 12, and 13 after sentencing.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to timely file objections waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 11th day of July, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE